**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

JOSEPH A. LAFEVER                                                                        PLAINTIFF

v.                                                                                  No. 4:06CV47-D-D

WARDEN JERRY PARKER, ET AL.                              DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the motion of the *pro se* prisoner plaintiff Joseph A. LaFever for a temporary restraining order. The plaintiff seeks an order from the court directing the officials at the Delta Correctional Facility to forbid prisoners from holding group worship of any kind, or, in the alternative, to permit the plaintiff to hold group worship with other members of the Wicca faith at that facility. For the reasons set forth below, the instant motion shall be denied.

**Discussion**

A party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996). A preliminary injunction is an extraordinary remedy, *Cherokee Pump*, 38 F.3d at 249, "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997

(5th Cir. 1985)). The plaintiff is unable to demonstrate a substantial likelihood of success on the merits in light of his argument as framed in the instant motion. The plaintiff complains that prison officials will not permit him to meet in group worship with others of the Wiccan faith – and that prison officials have classified some of the articles used in Wiccan services as contraband, e.g., amulets[1]. The plaintiff admits, however, that prison officials have permitted him to worship privately. In addition, the defendants have informed the plaintiff of their decision that holding the services the plaintiff has sought would pose an excessive security risk. A prison policy or practice will not be found unconstitutional as long as it is reasonably related to a legitimate penological objective of the facility, and security is certainly such an interest. *Hay v. Waldron*, 834 F.2d 481, 487-87 (5th Cir. 1987). Accordingly, plaintiff fails to demonstrate a substantial likelihood that he will prevail on his claim.

The plaintiff will have an opportunity to present his claims to the court during the course of this case. The defendants will likewise have an opportunity to raise their defenses. These complex issues would be better resolved during the litigation of this cause. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 13th day of June, 2006.

/s/ Glen H. Davidson
CHIEF JUDGE

---

[1]The defendants alleged in their response to the plaintiff's request for administrative remedy that the plaintiff had also requested a dagger for use in Wiccan rituals. The plaintiff states in his complaint that he never made such a request and argues that the reference to a dagger was placed in the response to discredit him. The plaintiff only included one page of his request for administrative remedy (which did not reference a dagger).